SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ANDREW T. HO, OSB #185047**
Andrew.Ho@usdoj.gov
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:22-cr-00396-AN** |
| **v.** | **UNITED STATES' SENTENCING MEMORANDUM** |
| **KENNETH BURNS,** | |
| **Defendant.** | |

## I.     INTRODUCTION

Defendant Kenneth Burns ("defendant") submitted a fraudulent application for a COVID-19 pandemic assistance program.  That fraudulent application misrepresented the number of employees and inflated the payroll of defendant's company.  As a result of the fraudulent application, defendant received over $350,000 that was intended to help struggling businesses with payroll costs along with other business-related expenses.

In its Presentence Report ("PSR") and Sentencing Recommendation ("Rec."), the United States Probation and Pretrial Services Office ("Probation") calculated defendant's total offense

**United States' Sentencing Memorandum**                                                                 **Page 1**

level under the United States Sentencing Guidelines (the "Guidelines" or "USSG") as 16 and his

criminal history as category V, resulting in a Guidelines range of 41 to 51 months'

imprisonment.  (PSR ¶ 119.)  Additionally, in its Sentencing Recommendation, Probation

recommended that the Court sentence defendant to 27 months' imprisonment, a five-year period

of supervised release, no fine, a $100 special assessment, and restitution in the amount of

$373,349.32.  (Rec. at 1.)

The United States agrees with Probation's Guidelines calculation and sentencing

recommendation.  The United States believes a 27-month sentence fairly balances defendant's

serious conduct along with the 18 U.S.C. § 3553(a) factors.

II.    STATEMENT OF FACTS

In response to the COVID-19 pandemic, the Coronavirus Aid, Relief, and Economic

Security ("CARES") Act was passed into law.  Under the CARES Act, the Paycheck Protection

Program ("PPP") was created to provide loans to small businesses to cover payrolls costs and

other business-related expenses.  The Small Business Administration ("SBA") guaranteed to

cover a significant portion of loans where a borrower defaulted.

On April 5, 2020, defendant submitted a PPP loan application to KeyBank for $350,000

on behalf of his commercial roofing company.  Defendant's loan application misrepresented the

number of employees his company had and inflated its payroll expenses.  His application also

stated that the loan would be used for payroll.  He supported his application by selectively

providing previously filed tax documents that provided an inaccurate picture of his company's

headcount and payroll.  The headcount and payroll on those documents was still below the

**United States' Sentencing Memorandum**                                              **Page 2**

headcount and payroll he claimed on his application.  On April 20, 2020, KeyBank funded the loan.  The SBA later paid KeyBank $17,500 in lender fees.

Immediately after receiving the loan, defendant transferred $232,500 of the loan to a business account controlled by his wife.  The business associated with defendant's wife's account was ineligible to receive a loan of the size that defendant's company received.  Defendant also transferred $95,000 to his personal account.  A review of bank records showed defendant spent thousands on his personal expenses, including credit card payments, groceries, travel, and online purchases.  Defendant did not make any payments on his PPP loan and KeyBank exercised the SBA's guarantee on the loan, which resulted in SBA paying KeyBank $355,849.32 to pay off the loan.  Investigators also found five applications for the COVID-19 Economic Injury Disaster Loan program in defendant's name and the name of defendant's wife that reported varying numbers of employees.  Those loan applications were denied.

## III.    THE PRESENTENCE REPORT

Probation disclosed the PSR to the parties and issued its Sentencing Recommendation. Below, the United States summarizes Probation's Guidelines calculations and recommendation. The United States agrees with Probation's calculations and recommendation.

### A.    Defendant's Total Offense Level is a 16

In the PSR, Probation concluded that defendant's total offense level is 16, calculated as follows:

/ / / /

/ / / /

| Description | Offense Level | Guideline Section |
| --- | --- | --- |
| Base Offense Level | 7 | USSG § 2B1.1(a)(1) |
| >$250,000 Loss Amount | +12 | USSG § 2B1.1(b)(1)(G) |
| Acceptance | -3 | USSG § 3E1.1(a), (b) |
| **Total:** | **16** | |

(PSR ¶¶ 35-44.)

### B.        Defendant is in Criminal History Category V

The PSR concluded that defendant is in criminal history category V because defendant's criminal history score is twelve.  (PSR ¶ 78.)  Defendant has prior convictions for two prior fraud convictions in the District of Oregon along with multiple theft and identity theft convictions in state court.  (PSR ¶ 47-77.)

### C.        Probation Recommended a Sentence of 27 Months' Imprisonment

With a total offense level of 16 and a criminal history category of V, Probation determined that defendant falls within an advisory guidelines range of 41 to 51 months' imprisonment.  (PSR ¶ 119.)  Probation recommended a sentence of 27 months' imprisonment, a five-year period of supervised release, no fine, a $100 special assessment, and restitution in an amount of $373,349.32.  (Rec. at 1.)

### IV.    THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

For the reasons discussed below, the United States agrees with Probation's recommended sentence.  Consideration of the 3553(a) factors, as well as all other information before the Court, supports a term of imprisonment of 27 months.

**A.     Nature, Circumstances, and Seriousness of the Offense**

Defendant committed a serious offense by submitting a false loan application that inflated the number of employees his company had and the company's average payroll.  Defendant supported his misrepresentations by selectively choosing tax documents from previous years that gave an inaccurate picture of his company's headcount and payroll.  After receiving the loan, defendant immediately compounded on that offense by transferring the loan he received to accounts not eligible to receive the loan and spending the loan on various expenses, including personal expenses, when the loan was designated for payroll.

**B.     Defendant's History and Characteristics**

Defendant's history and characteristics support a sentence of 27 months' imprisonment. Defendant has a lengthy criminal history that includes two federal felony convictions for fraud in the District of Oregon in addition to a multitude of state convictions for theft.

At the same time, the United States recognizes defendant's history difficulty upbringing and significant health problems.  Accordingly, the United States recommends that the Court grant a four-level downward variance.  When considering defendant's history and characteristics, a sentence of 27 months' imprisonment is appropriate.

**C.     Need to Promote Respect for the Law, Afford Adequate Deterrence, and Provide Just Punishment**

A sentence of 27 months' imprisonment will also promote respect for the law, afford adequate deterrence, and protect the public from further crimes.  Disaster relief loan programs have historically been plagued with fraud schemes, and the COVID-19 relief programs are no exception.  Unlike some who took advantage of the COVID-19 relief programs, defendant based his scheme on an actual company.  However, defendant lied on the loan application and misused

**United States' Sentencing Memorandum**                                                    **Page 5**

the funds.  A significant prison sentence is appropriate here to promote respect for the law and deter others who may be tempted to file false applications for financial support.

### D.        Need to Avoid Unwarranted Sentencing Disparities

Since the pandemic, Portland judges have sentenced defendants who committed COVID-19 relief loan benefit schemes to sentences comparable to the sentence the United States recommends for defendant.

In *United States v. Tifekchian*, 3:21-cr-00244-IM, the Court sentenced Benjamin Tifekchian to 21 months in prison for stealing $904,330 through fraudulent PPP and loan applications.  Like defendant, Tifekchian inflated the number of employees for his business, among other lies, and used the proceeds for personal expenses.  Tifekchian had a lower criminal history category than defendant.  The Court imposed the low-end of the final guideline range.

In *United States v. Williams*, 3:22-cr-00034-MO, the Court sentenced Gregory Williams to 8 months in prison for stealing $172,995.43 through fraudulent PPP and loan applications.  Like defendant, Williams lied about the number of employees and monthly payroll he had.  Unlike defendant, Williams submitted fake tax documents to support his applications.  Williams also had a lower criminal history category than defendant.

In *United States v. Blood*, 3:21-cr-00231-IM, the Court sentenced Peter Blood to a year and a day for stealing $647,393 through fraudulent PPP loan applications.  Like defendant, Blood lied about the number of employees he had and inflated payroll.  Unlike defendant, Blood submitted false tax forms to support his applications.  Blood also had a lower criminal history category than defendant.

**United States' Sentencing Memorandum**                                                      **Page 6**

A sentence of 27 months' imprisonment is comparable to what other defendants have received in this district and avoids unwarranted sentencing disparities.

## V.    RESTITUTION

The United States asks that the Court impose restitution to the SBA in the amount of $373,349.32 consistent with the loss amount in this case and defendant's plea agreement.

## VI.    CONCLUSION

The Court should sentence defendant to: (1) a term of imprisonment of 27 months, (2) a five-year period of supervised release, with the terms recommended by Probation, (3) a $100 special assessment, and (4) $373,349.32 in restitution.

Dated: May 5, 2026                          Respectfully submitted,

                                            SCOTT E. BRADFORD
                                            United States Attorney


                                            /s/ Andrew T. Ho
                                            ANDREW T. HO, OSB #185047
                                            Assistant United States Attorney

**United States' Sentencing Memorandum**                          **Page 7**