Matthew G. McHenry, OSB 043571
Levine & McHenry LLC
1050 SW Sixth Avenue, Suite 1414
Portland, Oregon 97204
503-546-3927
email: matthew@levinemchenry.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>vs.<br><br>KENNETH BURNS<br><br>Defendant. | No. 3:22-cr-00396-AN-1<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

**<u>DEFENDANT'S SENTENCING MEMORANDUM</u>**

Defendant Kenneth Burns will come before the Court for sentencing, having pleaded guilty on June 5, 2025, to one count of Bank Fraud in violation of 18 U.S.C. § 1344(1). Mr. Burns was placed on pretrial supervision on November 15, 2022, and has maintained full compliance with his conditions since his release

For the reasons set forth below and in the accompanying filings, the Court should sentence Mr. Burns to time-served followed by five years of supervised release, including a condition of 24 months of home detention.

## I. Mr. Burns's criminal conduct.

Mr. Burns's criminal conduct is documented in the PSR. In the spring of 2020, during the COVID-19 pandemic, he submitted a fraudulent application for a Paycheck Protection Program (PPP) loan through his roofing business, Commercial Roofing Solutions, Inc. He ultimately obtained a loan that resulted in a total loss to the Small Business Administration of $373,349.32.

Between August 2020 and May 2021, Mr. Burns additionally applied for five Covid-19 Economic Injury Disaster Loans (EIDL), seeking a total of $5,150,000. These fraudulently misrepresented his workforce, inflating its size, to qualify for the funds. Furthermore, he attempted to secure additional funds by submitting two more applications in his wife's name under a slightly different company name. Ultimately, all five EIDL applications were declined. Mr. Burns fully admits and accepts responsibility for his actions.

## II. Guideline Calculations under the Plea Agreement and PSR

The plea agreement and the presentence report agree that the base offense level under the United States Sentencing Guidelines is 7, with a 12-level increase for a loss amount over $250,000. With a 3-level reduction for acceptance of responsibility, the adjusted offense level is 16.

The Probation Office calculates Mr. Burns's Criminal History Category as V, resulting in an advisory range of 41 to 51 months. However, noting the 18 U.S.C. § 3553(a) factors, the Probation Office ultimately recommends a downward variance to 27 months of imprisonment, 5 years of supervised release, and mandatory restitution of $373,349.32. Similarly, under the plea agreement, the government agreed to request a 4-level downward variance to an adjusted offense level of 12. The government recommends 27 months, the low end of the resulting range. The plea agreement permits Mr. Burns to advocate for any lawful sentence. The appropriate sentence here is time served with supervised release and 24 months of home detention.

## III. A sentence of time-served with 24 months of home-detention is sufficient but not greater than necessary.

As this Court well knows, the Sentencing Guidelines are advisory, and merely one factor among many to be considered in fashioning an appropriate sentence. *Kimbrough v. United States*, 552 U.S. 85, 90 (2007). A court's overarching duty is to "impose a sentence sufficient, but not greater than necessary to comply with the sentencing purposes set forth in § 3553(a)(2)." *Pepper v. United States*, 562 U.S. 476, 487 (2011).

A non-custodial sentence involving extensive home detention is appropriate here given the non-violent nature of the crime, the severe

restrictions on liberty it imposes, and his pretrial success. Incarceration is unnecessary for non-violent offenders like Mr. Burns. Punishing a non-violent offender in the community under strict supervision holds him accountable without exposing him to the violence and criminogenic effects of incarceration.

Furthermore, a term of supervised release coupled with 24 months of home detention is an onerous punishment. The Supreme Court recognized in *Gall v. United States* that supervised release is “a substantial restriction of freedom,” subjecting defendants to conditions that substantially restrict their liberty. Federal courts have similarly noted that "Home detention and probation can be severe punishments... hugely restrictive of liberty, highly effective in the determent of crime and amply retributive.” *United States v. Coughlin*, 2008 WL 313099 (W.D. Ark. Feb. 1, 2008). This strict supervision ensures Mr. Burns is held fully accountable and restricted to his home, while avoiding the unnecessary dangers and costs of federal prison.

Moreover, Mr. Burns has been under the supervision of United States Pretrial Services since November 15, 2022. Over the course of the past several years, his performance has been exemplary. Federal courts routinely hold that a defendant’s outstanding conduct while on pretrial release is a strong indicator that they are unlikely to reoffend, strongly supporting a

downward variance. *See United States v. Munoz-Nava*, 524 F.3d 1137, 1149 (10th Cir. 2008).

## **CONCLUSION**

A sentence of time-served, combined with 5 years of supervised release and 24 months of home detention, provides more than adequate deterrence and severe punishment for this non-violent property crime. For the reasons set forth here and in the accompanying filings, a custodial sentence would be greater than necessary.

Respectfully Submitted this 10th day of June 2026:

/s/ *Matthew G. McHenry*
Matthew G. McHenry
Counsel for Kenneth Burns